UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES G. WILBUR,

    Petitioner,

v.

MAKAH TRIBAL COURT,

    Respondent.

CASE NO. C12-5484 BHS

ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Respondent Makah Tribal Court's ("Tribal Court") motion to dismiss (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 5, 2012, the Petitioner James G. Wilbur ("Wilbur") filed a petition for writ of habeas corpus. Dkt. 1-1. On July 26, 2012, the Tribal Court filed a motion to dismiss Wilbur's petition for failure to exhaust tribal remedies and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. ("Rule") 12(b)(6). Dkt. 6.

1  On August 17, 2012, Wilbur responded. Dkt. 9. On August 24, 2012, the Tribal Court
2  replied. Dkt. 11.

## II. FACTUAL BACKGROUND

Wilbur is a member of the Makah Tribe. Dkt. 1-1 at 1. On July 6, 2011, the Tribal Court found Wilbur guilty of assault in the second degree, pursuant to Makah Law and Order Code 5.1.02 and in violation of the Domestic Violence Code at section 11.1.04(e). Dkt. 6 at 16. On September 13, 2011, the Tribal Court sentenced Wilbur to six months in jail and banishment from the reservation for one year after he completed his jail sentence. Dkt. 6 at 11 & 6-2 at 24. Wilbur filed a notice of appeal with the Tribal Court. Dkt. 6 at 12.

## III. DISCUSSION

The Tribal Court seeks dismissal on two bases: (1) Wilbur failed to exhaust administrative remedies, and (2) his petition fails to state a claim upon which relief can be granted. *Id*. at 1-8. Wilbur responds that he "would like not to have his case dismissed"; "he does not have legal counsel at this time"; and he does not fully "understand the proper procedure to file a claim." Dkt. 9 at 1. Additionally, he defends by asserting that he was not "given the chance to file an appeal," and the Tribal Court did not provide him counsel. *Id*.

**A.   Failure to Exhaust Tribal Remedies**

A litigant must exhaust tribal remedies prior to bringing a habeas corpus petition. *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010), *cert. denied*, 130 S. Ct. 3327 (2010). In *Selam v. Warm Springs Tribal Corr. Facility*, the Ninth Circuit held that a

habeas corpus petitioner waived an Indian Civil Rights Act (ICRA) claim because he failed to raise it in the tribal appellate court. 134 F.3d 948 (9th Cir. 1998). The U.S. Supreme Court has also found that, "[a]t a minimum, exhaustion of tribal remedies means that tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts." *Iowa Mut. Ins. Co. v.LaPlante*, 480 U.S. 9, 17 (1987).

Here, although Wilbur claims that he was not allowed to appeal his case, the evidence submitted by the Tribal Court indicates the contrary. At sentencing on September 22, 2011, the Tribal Court judge stated that Wilbur could appeal if he disagreed with the outcome of his case. Dkt. 6-2 at 17. On October 3, 2011, Wilbur filed his appeal with the Tribal Court. Dkt. 6 at 12. On October 12, 2011, the Tribal Court denied Wilbur's request for counsel to represent him in his appeal. Dkt. 6-2 at 9. It did so because the Tribe does "not administer programs that supply attorneys for individuals in the Court system," but it informed him of his right to seek counsel elsewhere, e.g. the Federal Public Defender or a private attorney at his own expense. *Id.* Therefore, the Tribal Court argues, Wilbur was allowed to appeal, he filed an appeal, but he did not perfect it by filing a brief. *Id.* Wilbur does not contradict the latter assertion.

Additionally, Wilbur claims his right to counsel was denied on appeal. Dkt. 9 at 1. Under the ICRA, an Indian tribal government must provide an indigent defendant in a criminal case with a licensed attorney at the government's expense only when the tribal government imposes a term of imprisonment greater than one year. 25 U.S.C. §1302(c)(2). Here, Wilbur was sentenced to and served only a six-month sentence.

1  Thus, Wilbur had no right to counsel at the expense of the tribal government.  Therefore,

2  the failure to provide counsel cannot be a basis for Wilbur's petition.

3        Based upon the facts, evidence and legal argument submitted by the Tribal Court,

4  this Court finds that Wilbur has failed to exhaust his Tribal remedies.  The case is

5  dismissed on the basis that Wilbur failed to perfect his appeal.

6  **B.**     **Failure to State a Claim**

7        Because the Court dismisses this case based on failure to exhaust tribal remedies,

8  it need not address the Tribal Court's argument that it is entitled to a Rule 12(b)(6)

9  dismissal based on Wilbur's failure to state a claim upon which relief could be granted.

10  However, the Court finds the Tribal Court's 12(b)(6) argument meritorious.

11        Even under the liberal pleading standards for pro se pleadings, Wilbur's petition

12  fails to state a claim.  As the Tribal Court asserts, Wilber's petition is unclear to the point

13  that it is impossible to discern whether he claims any specific violation of the ICRA.  *See*

14  Dkts. 11 at 3-4 & 1-1.  Further, Wilbur did not provide clear factual grounds and no legal

15  bases for habeas in his petition.  *Id*.  Therefore, the Tribal Court is also entitled to

16  dismissal under Rule 12(b)(6).

17  **IV. ORDER**

18        The Court hereby **GRANTS** the Tribal Court's motion to dismiss (Dkt. 6).

19        Dated this 9th day of October, 2012.

20

21

22                                   BENJAMIN H. SETTLE
                                  United States District Judge